IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

UNITED STATES OF AMERICA

VS.                                                                        CRIMINAL ACTION NO. 2:05CR19-KS-JMR

ERNEST CHARLES DENT

<u>ORDER ON DEFENDANT'S MOTION TO SUPPRESS</u>

This cause is before the Court on Defendant's [13] Motion to Suppress and the Court after conducting a hearing on said motion, taking testimony and receiving briefs from both sides, does hereby find as follows:

That on or about 3:20 p.m. on November 3, 2003, Officer Mitchell with the Hattiesburg Police Department was patrolling in the area of East Ninth Street and Bouie Street in Hattiesburg, Mississippi. This is a high crime area. The testimony of Officer Mitchell was that he saw a red Geo Tracker that was in front of him make a turn without giving a turn signal.  Further testimony by the officer was that he does not remember whether there were other cars in the area or not.  A traffic stop was conducted and while the officer was asking for the license he noticed some suspicious movements.  The Movant was asked to step out of the car and patted down and then the officer searched the area of the car where he saw the Defendant trying to conceal something and discovered a handgun wrapped in a towel in a purse.

The Defendant was determined to be a convicted felon and was mirandized at the scene. The Defendant was taken to the police department and was again mirandized where he admitted that the weapon was in his possession. A typed statement and booking sheet was prepared by

1

Detective Nobles and was marked that the Defendant "requested an attorney." The testimony at the suppression hearing was that the Defendant never invoked his right to counsel and that the blank checked for requesting an attorney was a typographical error.

DISCUSSION

Section 63-3-707 of the Mississippi Code provides:

> No person shall turn a vehicle from a direct course upon a highway unless and until such movement can be made with reasonable safety and then only after giving a clearly audible signal by sounding a horn if any pedestrian may be affected by such movement or after giving an appropriate signal in the manner provided in this article in the event any other vehicle may be affected by such movement.
>
> A signal of intention to turn right or left shall be given continuously for a reasonable distance before turning.
>
> No person shall stop or suddenly decrease the speed of a vehicle without first giving an appropriate signal in the manner provided in this article to the driver of any vehicle immediately to the rear when there is opportunity to give such signal.

Section 63-3-707 of the Mississippi Code of 1972 is made a misdemeanor by § 63-3-201 of the Mississippi Code. Therefore, the officer had probable cause to initiate a traffic stop. See *Unites States v. Whren*, 53 F. 3d 371, 311 U.S. App. D.C. 300 (D.C. D.C. 1995). This Court finds that based on the testimony the stop was proper, as it was based on a traffic violation.

The testimony of the officer was that he had concern for his personal safety and therefore, had the right to conduct a *Terry* frisk and to examine the area within occupants' reach, which included the area where the pistol was ultimately found.

As to the issue of the statement at the scene. The testimony of Officer Mitchell was that he could not recall whether or not the Defendant claimed the pistol as his own at the scene.

However, Detective Nobles overheard the Defendant claim the weapon to be his.  If a statement was made it was freely and voluntarily given following the administration of the *Miranda* warnings.  There is a question of fact as to whether or not the statement was made at all. This should be a jury issue.

The final issue is whether or not there was a written statement given in violation of the Defendant's Sixth Amendment right to counsel.  The booking form showed that the Defendant requested an attorney. The testimony was that this was a typographical error and that the Defendant never requested an attorney prior to the statement. The only evidence before this Court is that it was a typographical error and that a statement was freely and voluntarily given prior to the Defendant ever invoking his Sixth Amendment rights.

For the above reasons, the Motion to Suppress is hereby **denied.**

SO ORDERED AND ADJUDGED on this, the 20th   day of January, 2006.

                 s/ *Keith Starrett*
                UNITED STATES DISTRICT JUDGE